IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT LEE ODDS,

        Petitioner,

   v.

JEAN HILL, Superintendent,
Snake River Correctional Institution,

        Respondent.

Civil No. 04-455-AS

FINDINGS AND RECOMMENDATION

     ANTHONY D. BORNSTEIN
     Assistant Federal Public Defender
     101 S.W. Main Street
     Suite 1700
     Portland, OR  97204

        Attorney for Petitioner

     HARDY MYERS
     Attorney General
     DENIS M. VANNIER
     Assistant Attorney General
     Department of Justice
     1162 Court Street N.E.
     Salem, OR  97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ASHMANSKAS, Magistrate Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED, and a judgment of dismissal should be entered.

## BACKGROUND

In August 1989, Petitioner pleaded no contest to two counts of Burglary in the First Degree and one count of Robbery in the First Degree for crimes committed in November 1988 and February 1989. The trial court imposed concurrent 20-year indeterminate sentences on all counts.

Petitioner was released on parole in August or September 1993. After numerous violations, including new crimes, Petitioner's Parole was revoked on January 29, 2002. On March 13, 2002, the Oregon Board of Parole and Post-Prison Supervision (the "Board") convened a future disposition hearing, at which it denied Petitioner's re-release and re-scheduled his release date to March 16, 2007.

Petitioner sought administrative review, arguing that the Board had failed to return all or part of the statutory good time to which Petitioner was entitled. On June 18, 2002, the Board issued a letter opinion denying Petitioner's request for relief.

On July 25, 2002, Petitioner sent a letter request to the Board, asking the members to review their prior decision. Petitioner argued the Board failed to give him credit for 19 months he had served on another offense, and asked for a hearing to address this claim. The Board treated the July 25, 2002, letter as a request for administrative review of the March 13, 2002, decision, and on July 31, 2002, denied the request as untimely. The Board also treated the July 25, 2002, letter as a request to reopen and reconsider both the March 13, 2002, decision and the June 18, 2002, administrative review decision. So construed, the Board denied the request.

Petitioner sought review of the July 31, 2002, decision in the Oregon Court of Appeals. Petitioner alleged that an Oregon administrative rule in effect at the time he committed his crimes allowed him to ask for his case to be reopened at any time, and required the Board to state its reasons for denying any such request. The Oregon Court of Appeals denied Petitioner's request for judicial review, and the Oregon Supreme Court denied review. See Resp. Exhs. 107, 109.

Petitioner filed this action on March 31, 2004. In his Amended Petition for Writ of Habeas Corpus, Petitioner alleges one claim for relief:

> Petitioner was denied his right to be free of Ex Post
> Facto punishment in violation of Article I, Section 10

3 - FINDINGS AND RECOMMENDATION -

of the United States Constitution in the following
particular:

> The Oregon Board of Parole impermissibly invoked a
> later-enacted administrative rule to refuse to reopen
> petitioner's parole hearing without issuing special
> findings of fact to support its decision.

Respondent argues Petitioner is not entitled to relief because he

procedurally defaulted this claim.  Moreover, even if Petitioner

did fully exhaust his claim, Respondent argues he is not entitled

to relief on the merits.

### DISCUSSION

**I.    Procedural Default**

Generally, a state prisoner must exhaust all available state

court remedies either on direct appeal, or through collateral

proceedings, before a federal court may consider granting habeas

corpus relief.  See 28 U.S.C. § 2254(b)(1).  In O'Sullivan v.

Boerckel, 526 U.S. 838, 842 (1999), the Supreme Court explained

that "the state prisoner must give the state courts an opportunity

to act on his claims before he presents those claims to a federal

court in a habeas petition."

To satisfy the exhaustion requirement, a prisoner must fairly

present his federal claims to the state courts.  Baldwin v. Reese,

541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 911 (9th

Cir. 2004), cert. denied, 125 S.Ct. 2975 (2005).  A claim is

"fairly presented" only when the legal basis of the federal

constitutional claim is actually addressed. Picard v. Connor, 404 U.S. 270, 275 (1971). This means habeas petitioners must reference specific provisions of the federal constitution or statutes or cite to federal case law. Lyons v. Crawford, 232 F.3d 666, 668, 670 (9th Cir. 2000), amended by, 247 F.3d 904 (2001). In addition, the facts supporting the claims must be developed in state court or the claim is not fairly presented. Keeney v. Tamayo-Reyes, 504 U.S. 1, 8-9 (1992). A claim is not fairly presented if it is raised in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-52 (1989).

A claim that was not, and can no longer be, fairly presented in state court is procedurally defaulted. O'Sullivan, 526 U.S. at 848. Petitioners are barred from raising procedurally defaulted claims in federal court unless they demonstrate: (1) "cause" for failing to properly present the claim to the state court and "actual prejudice" resulting from such failure; or (2) "a fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 732 (1991).

In his motion for leave to proceed with judicial review before the Oregon Court of Appeals, Petitioner argued the Board's refusal to state reasons for denying his request to reopen the parole hearing violated state law. Petitioner made no reference

to the *Ex Post Facto* clauses of either the Oregon or the United States Constitution.  The state responded that the procedural rule cited by Petitioner had been repealed, and briefly explained that "*ex post facto* principles would not have required the board to apply the [old] rule because the rule's repeal did not affect petitioner's punishment in any way."  In a reply, Petitioner argued for the first time that the Board's use of current procedural rules violated "the ban on *ex post facto* laws under the Oregon Constitution."  Petitioner did not argue the Board's action violated the *Ex Post Facto* Clause of the United States Constitution.

The Court of Appeals denied Petitioner's motion for judicial review, holding that:  (1) the Board did consider Petitioner's request for review a request to reopen the hearing; (2) the applicable version of the administrative rule authorizing the Board to reopen a hearing does not require the Board to state a reason for denying the request; and (3) Petitioner's "belated" argument that application of the current version of the administrative rule violates the ban on *ex post facto* legislation is not persuasive.

In his petition for review to the Oregon Supreme Court, Petitioner argued "a retrospective procedural change can violate the ban on *ex post facto* laws under the Oregon Constitution." Petitioner asked the court to continue to interpret Oregon's *Ex*

6 – FINDINGS AND RECOMMENDATION –

*Post Facto* Clause along the lines adopted for the United States Constitution in <u>Beazell v. Ohio</u>, 269 U.S. 167 (1925).  The Oregon Supreme Court denied review.

Respondent argues Petitioner procedurally defaulted his claim because he presented it only as a state law claim in the Oregon courts.  Petitioner counters that the *Ex Post Facto* Clause of the Oregon Constitution has been construed consistently with the federal provision, <u>Meadows v. Schiedler</u>, 143 Or. App. 213, 218, 924 P.2d 314, 318 (1996), and that Petitioner cited <u>Beazell v. Ohio</u>, 269 U.S. 167 (1925).

While Petitioner could certainly have presented his federal habeas corpus claim with more specificity before the state courts, I find his citation to a United States Supreme Court case which analyzed the federal *Ex Post Facto* provision was sufficient to exhaust this claim.  <u>See</u> <u>Lyons</u>, 232 F.3d at 670 (citation to federal case law sufficient to "federalize" claim presented to state courts).  Accordingly, Petitioner did not procedurally default the claim before this court.

## II.  Relief on the Merits

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication:  "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or (2)
resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in
the State court proceeding."    28 U.S.C. § 2254(d); <u>Lockyer v.
Andrade</u>, 538 U.S. 63, 123 S. Ct. 1166, 1172-75 (2003).

A state court acts "contrary to ... clearly established
Federal law" if it arrives at a conclusion opposite to that
reached by the Supreme Court on a question of law or if it decides
a case differently than the Supreme Court on a set of materially
indistinguishable facts.    <u>Williams v. Taylor</u>, 529 U.S. 362, 412
(2000); <u>Ramdass v. Angelone</u>, 530 U.S. 156, 165-66 (2000).    An
"unreasonable application of clearly established Federal law"
occurs if a state court identifies the correct governing legal
principle from Supreme Court decisions, but unreasonably applies
that principle to the facts of the prisoner's case or unreasonably
refuses to extend the governing legal principle.    <u>Williams</u>, 529
U.S. at 412; <u>Ramdass</u>, 530 U.S. at 166.

The Constitution prohibits states from passing any "*ex post
facto* Law." U.S. Const., Art. I, § 10.  A law is an *ex post facto*
law if it meets two conditions.  First, "it must apply to events
occurring before its enactment." <u>Weaver v. Graham</u>, 450 U.S. 24,
29 (1981).  "In other words, it must be retrospective." <u>Hunter v.
Ayers</u>, 336 F.3d 1007, 1011 (9th Cir. 2003).    Second, it must

8 - FINDINGS AND RECOMMENDATION -

disadvantage the person affected by either altering the definition of criminal conduct or increasing the punishment for the crime. Id. (citations omitted).

Retroactive changes in laws governing the availability of parole to prisoners, in some instances, may violate the *ex post facto* prohibition. Garner v. Jones, 529 U.S. 244, 250 (2000). In parole cases, the question is whether application of the amended rule "creates a significant risk of prolonging [a prisoner's] incarceration." Id. at 251; see also Scott v. Baldwin, 225 F.3d 1020, 1023 (9th Cir. 2000) (speculative argument cannot form the basis of an *Ex Post Facto* Clause violation in the parole context).

Under the rules in effect at the time of Petitioner's crime, the Board was required to "state the specific reasons for denial of a request to open a hearing." Or. Admin. R. 255-040-020(6) (1988). That rule was repealed in 1990, however, and the current rule does not require the Board to state a reason for denying a request to reopen a hearing. Petitioner argues the deletion of the requirement that the Board articulate its reason for denying a request to reopen a hearing increases the likelihood of erroneous actions by the Board.

Petitioner's argument is, at best, speculative. Petitioner fails to show the application of the new rule creates a significant risk that his term of incarceration will be prolonged. As such, the state court decision denying Petitioner relief on his

9 - FINDINGS AND RECOMMENDATION -

*ex post facto* claim was neither contrary to nor an unreasonable application of federal law, and Petitioner is not entitled to relief in this court.

## RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus should be DENIED, and a judgment of dismissal should be entered.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due January 19, 2007.  If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections.  If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this __5__ day of January, 2007.


        /s/Donald C. Ashmanskas
             Donald C. Ashmanskas
             United States Magistrate Judge